UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8 - 12 -14
```

-----------------------------------------------------------X
                                                           :
ANTON VASSILEV,                                            :
                                                           :
                         *Plaintiff*,                      :
                                                           :
        -against-                                          :
                                                           :        13 Civ. 5385 (PAC)
CITY OF NEW YORK; CITY OF NEW                              :
YORK DEPARTMENT OF EDUCATION;                             :        **OPINION & ORDER**
DENNIS WALCOTT, CHANCELLOR OF                             :
NEW YORK CITY DEPARTMENT OF                               :
EDUCATION,                                                 :
                                                           :
                         *Defendants*.                     :
                                                           :
-----------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff Anton Vassilev ("Vassilev"), a public school teacher at Intermediate School 291

("IS 291") who was terminated from that position in 2010, sues the City of New York ("City"),

the New York City Department of Education ("DOE"), and former DOE Chancellor Dennis

Walcott[1] (collectively, "Defendants"). Vassilev claims that he was tenured and, accordingly, his

termination without a pre-termination hearing amounted to a deprivation of a property right.

(Compl. ¶¶ 23, 30–31.) The principal who rated Vassilev "Unsatisfactory" is now deceased (Pl.

Opp. Br. at 2), and Vassilev claims the rating was unfounded. (*Id.* ¶¶ 27, 36.) His termination

has prevented him from being hired as a teacher elsewhere, causing him monetary losses, mental

and physical anguish, humiliation, and damage to his professional reputation. (*Id.* ¶¶ 24, 26–27,

36.) Accordingly, Vassilev alleges federal claims for violation of his due process rights pursuant

---

[1] Carmen Fariña is the current DOE Chancellor. (Defs.' Supp. Mem. at 1.)

to 42 U.S.C. § 1983, and state law claims of prima facie tort, breach of contract, tortious interference, intentional and negligent infliction of emotional distress, and fraud.

Defendants move to dismiss Plaintiff's 42 U.S.C. § 1983 claim under the doctrine of collateral estoppel since Plaintiff was afforded the opportunity to litigate the relevant issues in his Article 78 proceeding. (Defs.' Supp. Mem. at 5–6.) Defendants also argue that Plaintiff has failed to state a due process claim, since Plaintiff received all the process he was owed, i.e., a post-deprivation hearing. (*Id.* at 6–8.) Defendants argue that Plaintiffs' state law claims are time-barred because they were not brought within one year of his termination (*Id.* at 8.), and fail to state a claim upon which relief may be granted. Finally, Defendants insist that the City should be dismissed as an improper party. (*Id.* at 15).

For the reasons that follow, the Court grants Defendants' motion to dismiss the claims against the City of New York and Plaintiff's state law claims. Plaintiff's § 1983 procedural due process claim against the remaining defendants survives.

## BACKGROUND

The current action was filed on July 2, 2013 in New York Supreme Court,[2] and was removed to this Court on August 1, 2013. (*See* Notice of Removal, Dkt. No. 1.) Plaintiff was terminated from his employment as a teacher at IS 291 in 2010. (Compl. ¶ 2.) Plaintiff alleges that at the time of his termination he was a tenured teacher, which makes his termination tantamount to deprivation of a property right. (*Id.* ¶¶ 23, 30–31.)

Plaintiff was hired as a probationary teacher in September 2006. (*Id.* ¶ 7.) Plaintiff received "Satisfactory" ratings from the school's principal, Sean Walsh, in each of Plaintiff's first three years teaching at IS 291 (2006-2009). (*Id.* ¶ 9.) Plaintiff admits that he was never

---

[2] Plaintiff initially filed this action under Index No.1557111/2013.

formally granted tenure, but claims tenure by estoppel as of the end of the 2008-2009 school year, based on having three consecutive years of "Satisfactory" ratings. (*Id.* ¶ 10.) Defendants point to an Extension of Probation Agreement that appears to be signed by Plaintiff. If valid, the agreement would vitiate Plaintiff's claim of having tenure status; but Plaintiff alleges that he never signed such an agreement and suggests that it was forged. (*Id.* ¶¶ 10, 16-18.) Somewhat inconsistent with Plaintiff's argument that he had already received tenure by estoppel, Plaintiff alleges that during the 2009-2010 school year, Assistant Principal Noel Moses observed Plaintiff's teaching on two occasions and rated him as "Satisfactory" each time. (*Id.* ¶ 11.)

At the end of the 2009-2010 school year, the now-deceased Principal Walsh rated Plaintiff "Unsatisfactory" for the entire year. (*Id.* ¶ 12.) Plaintiff was terminated by a letter dated July 9, 2010. (*Id.* ¶ 13.) Plaintiff soon thereafter filed a discontinuance/U rating appeal with the DOE's Office of Appeals and Review ("OAR"). (*Id.* ¶ 13.) The OAR held a hearing nearly two years later in March 2012. (*Id.* ¶ 14.) Eventually, on December 12, 2013, the OAR denied Plaintiff's appeal and sustained, in a one-sentence decision, the rating of "Unsatisfactory" that led to his termination. (Pl.'s Opp'n Memo, Ex. A.)

During the pendency of OAR's decision, Plaintiff filed an Article 78 Petition in New York County Supreme Court to, *inter alia*, compel the OAR to issue a decision, challenge the DOE's determinations regarding his termination, and mandate his reinstatement *nunc pro tunc* with backpay and lost benefits. *See Vassilev v. City of New York*, No. 100526/13, 2013 slip op. 31788(U) (N.Y. Sup. Ct. Aug. 2, 2013). The state court compelled OAR to decide whether Vassilev's "Unsatisfactory" rating should be sustained, but dismissed the remainder of Plaintiff's challenges in the Article 78 petition on the grounds that (1) the City was an improper party; (2) the challenge to his termination (which hinged on whether he had tenured status) was time-

barred under the four-month statute of limitations for commencing Article 78 proceedings; and (3) Plaintiff's challenge to his "Unsatisfactory" rating was premature because Plaintiff had not yet received OAR's determination on the matter. *Id.* at 3-6.

## DISCUSSION

### I.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if a plaintiff fails to "provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiffs must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court must accept as true all well-pleaded factual allegations and draw all inferences in a plaintiff's favor. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006).  Allegations that are merely conclusory, however, are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 680.

## II.    Analysis

### A.    Claims Against the City of New York

Defendants move to dismiss all claims against the City because the City and DOE are

separate legal entities, and none of Plaintiff's claims are based on actions of City employees.

Plaintiff offers no rebuttal.  Notwithstanding the 2002 change in control of the New York City

Board of Education, the Board of Education and the City remain separate legal entities.  *See*

*Williams v. Dep't of Educ.*, 2013 WL 5226564, at \*7 (S.D.N.Y. Sept. 17, 2013) (quoting *Perez v.*

*City of New York*, 41 A.D.3d 378, 379 (1st Dep't 2007), *appeal denied*, 10 N.Y.3d 708 (2008)).

Accordingly, "the City cannot be held liable for the actions of NYCDOE employees."  *Id.*;

*accord Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 235, 249 (E.D.N.Y. 2012)

(dismissing the City as an improper party to a lawsuit by a former teacher alleging discrimination

and retaliation in conjunction with her employment with the DOE), *aff'd*, 713 F.3d 163 (2d Cir.

2013).  All of Plaintiff's claims against the City are therefore dismissed.

### B.    Procedural Due Process[3]

"In order to succeed on a claim of deprivation of procedural due process, a plaintiff must

establish that state action deprived him of a protected property or liberty interest."  *White Plains*

*Towing Corp. v. Patterson*, 991 F.2d 1049, 1061-62 (2d Cir. 1993).  Tenured teachers have a

protected property interest in continued employment, *Adams v. New York State Educ. Dept.*, 752

---

[3] Plaintiff appears to raise a substantive due process claim for the first time in his opposition brief.  (*See* Pl.'s Opp'n Br. at 10-11.)  Plaintiff's Complaint fails to state such a claim.  To allege a substantive due process claim, a plaintiff must allege governmental conduct "that is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."  *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005).  Plaintiff fails to allege any conduct by Defendants that shocks the conscience.  In his papers, Plaintiff argues that Principal Walsh's forgery of his extension of probation agreement meets this standard.  But Plaintiff never alleged in his Complaint that Principal Walsh was the forger, nor did he allege that the deprivation of his property interest was the extension of his probation; rather, his termination violated his property interest *because* he was already a tenured teacher at the time he was terminated.  *See Adams v. New York State Educ. Dept.*, 752 F. Supp. 2d 420, 452 (S.D.N.Y. 2010).  Since Plaintiff's procedural due process claim rests on the premise that he was tenured at the time of his termination (discussed *infra*), the Court cannot make the contradictory inference, for purposes of his substantive due process claim, that Plaintiff was deprived of his tenured position prior to his termination.

F. Supp. 2d 420, 452 (S.D.N.Y. 2010), but non-tenured teachers do not: "a probationary employee may be terminated without notice or a hearing." *Newell v. City of New York*, 2002 WL 432397, at \*2 (S.D.N.Y. Mar. 20, 2002) (citing *Nelson v. Abate*, 613 N.Y.S.2d 889, 890 (1st Dep't 1994)).

There is a substantial factual dispute between the parties concerning Plaintiff's status.[4] Plaintiff claims to be tenured by estoppel, but Defendants maintain that Plaintiff's probationary status was extended, and he was terminated while on probationary status. Plaintiff responds that the extension of probation agreement is a forgery. "The purpose of a 12(b)(6) motion to dismiss is not to test the factual accuracy of the complaint's allegations, but rather to test whether the complaint's factual allegations, taken as true, state a legal claim upon which relief may be granted." *Chestnut v. Whitehaven Income Fund I, LLC*, 2014 WL 97314, at \*2 (S.D.N.Y. Jan. 6, 2014). Plaintiff has sufficiently alleged that he acquired tenure by estoppel. *See Brenes v. City of New York*, 733 F. Supp. 2d 357, 360 (E.D.N.Y. 2010) ("Tenure by estoppel is obtained 'when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher's probationary term . . . . The normal probationary period that a teacher must complete is three years . . . ."). If Plaintiff was in fact a tenured employee, he was entitled to a pre-termination hearing and other process prior to termination. *See* N.Y. Educ. Law § 3020-a; *Board of Regents of State Colleges v. Roth*, 408 U.S. 593, 570 n.7 (1972) ("Before a person is deprived of a protected interest, he must be afforded opportunity for some kind of a hearing . . . ."). Plaintiff

---

[4] Defendants assert that Plaintiff is precluded from arguing that he was a tenured employee in light of the decision on his Article 78 petition. That opinion, however, dismissed Plaintiff's challenge to a DOE decision upholding his "Unsatisfactory" rating on the grounds that his challenge was time-barred. "[D]ismissal of a claim solely for lack of timeliness in a New York state court does not preclude the same claim from being brought in another jurisdiction with a longer statute of limitations, including a federal court exercising its federal question jurisdiction." *Cloverleaf Realty of N.Y. v. Town of Wawayanda*, 572 F.3d 93, 96 (2d Cir. 2009).

has therefore sufficiently alleged a procedural due process claim.

**C.    State Law Claims**

Plaintiff's state law claims—for prima facie tort, breach of contract, tortious interference, negligent and intentional infliction of emotional distress, and fraud—are all time-barred. Plaintiff did not file a timely notice of claim. Plaintiffs bringing claims against the DOE must file a notice of claim within one year of the claim's accrual for non-tort claims and within ninety days of the claim's accrual for tort claims. N.Y. Educ. Law §§ 3813(1), 3813(2); N.Y. General Mun. Law § 50-e; s*ee also Amorosi v. South Colonie Independent Cent. School Dist.*, 9 N.Y. 3d 367, 370-71 (2007). Here, Plaintiff was terminated on July 9, 2010. (Compl. ¶ 13). Plaintiff did not file a notice of claim until 33 months later, in March 2013. (Tracy Decl., Dkt. 16 Ex. 1.)

Plaintiff argues that his claims did not accrue on the date of his termination, and instead should have accrued only after he received a final determination for his appeal. (Pl. Reply Mem. at 11.) This argument is unsupported. Under New York law, the termination of a teacher is final and binding on the date of the termination, regardless of the teacher's opportunities for appeal. *Kahn v. New York City Dept. of Educ.*, 18 N.Y.3d 457, 465-66 (2012) (compiling cases).

Plaintiff failed to allege his claims within the limitations period and accordingly his state law claims must be dismissed.[5]

---

[5] Because Plaintiff's state law claims are time-barred, the Court does not address Defendants' argument that they fail to state claims upon which relief can be granted.

## **CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss.  Plaintiff's claims against the City of New York are dismissed and his state law claims are dismissed as time-barred.  Whether Plaintiff was still on probationary status or had attained tenure by estoppel is a factual question which cannot be determined as a matter of pleading, so Plaintiff's procedural due process claim against the remaining Defendants survives. The Clerk of Court is directed to terminate the motion at Docket Number 15.  The parties should meet and confer to create a civil case management plan for limited discovery, briefing, and a possible hearing on the issue of Plaintiff's employment status: specifically, whether or not the extension of probation agreement was forged or otherwise invalid.

Dated: New York, New York                    SO ORDERED
      August 12, 2014

                                   PAUL A. CROTTY
                                   United States District Judge